**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**TONY FELICIANO RIVERA,**

**Plaintiff,**

**v.**

**RAFAEL PINA NIEVES, et al.,**                    CASE NO. 15-2258 (GAG)

**Defendants.**

## OPINION AND ORDER

Plaintiff Tony Feliciano-Rivera, a/k/a/ 'Tony Dize' ("Plaintiff") sued Rafael Pina-Nieves, Juan Luis Morera-Luna, a/k/a 'Wisin', and Llandel Veguilla-Malave, a/k/a 'Yandel', their conjugal partnerships, and business corporations ("Defendants") for copyright infringement, breach of contract, annulment of a settlement agreement, and unjust enrichment. (Docket No. 12). Ultimately, Plaintiff filed a motion for voluntary dismissal without prejudice. (Docket No. 73). In its order granting this motion, the Court ordered the parties to file motions for attorneys' fees. (Docket No. 76). Defendants submit three bases for attorneys' fees: (1) the Copyright Act of 1976, (2) vexatious litigation under the Court's inherent powers, and (3) obstinate litigation under Puerto Rico Civil Procedure Rule 44.1(d). See Docket Nos. 79 and 84. For the reasons discussed below, Defendants' motion for attorneys' fees is **DENIED**.

### I.    Relevant Factual Background

The facts giving rise to this case originate in 2011, when one of the co-defendants in this case, Rafael Pina-Nieves, sued Plaintiff for breach of contract and copyright infringement. (Docket No. 12 ¶ 22). Two years later, the parties entered into a Confidential Settlement Agreement and

the case was dismissed with prejudice. (Docket No. 12 ¶ 29). But in June 2015, Defendant Pina sought an injunction to enforce the agreement. (Case No. 11-2217, Docket No. 129). Three months later, Plaintiff filed this case seeking to annul the settlement agreement, alleging fraud and misrepresentation. (Docket No. 12 ¶¶ 30, 32). Plaintiff also alleged breach of contract and unjust enrichment. Id. In December 2015, the Court denied a motion to consolidate the two cases. (Docket No. 19).

The case followed its course, but problems arose when Plaintiff's counsel filed a motion to withdraw as attorney claiming irreconcilable differences with her client. (Docket No. 59). The Court denied this motion until new counsel appeared, which never happened. (Docket No. 60). Two months later, Defendants filed a motion to dismiss. (Docket No. 67). Plaintiff did not respond by October 31, 2016, as required. The docket went silent, but for some irrelevant informative motions. In April, the Court ordered Plaintiff to show cause as to why Defendants' motion to dismiss should not be deemed unopposed. (Docket No. 72). In response, Plaintiff's counsel filed a motion for voluntary dismissal without prejudice, claiming she had lost all contact with Plaintiff since August and had not been able to file anything on his behalf. (Docket No. 73). The Court dismissed the case without prejudice and instructed the parties to file motion for attorneys' fees. (Docket No. 76). Counsel for defendants Pina-Nieves and Morera-Luna filed their motions; counsel for Veguilla-Malave did not. See Docket Nos. 79; 84. Plaintiff did not contest their motions.

## II.    Discussion

Defendants advance three grounds to justify an award of attorneys' fees. First, Defendant Pina-Nieves asks the Court to award fees under Section 505 of the Copyright Act. This request fails because Defendants are not "prevailing parties" for purposes of Section 505. Second,

Defendants Pina-Nieves and Morera-Luna argue that the Court should award fees under its inherent powers to punish vexatious and frivolous litigation. The Court disagrees because at least part of Plaintiff's case was not frivolous. Finally, Defendant Morera-Luna seeks an award under Puerto Rico Civil Procedure Rule 44.1(d). This argument also fails because Plaintiff was not "stubbornly litigious."

A. Copyright Act of 1976

Section 505 of the Copyright Act of 1976 allows the Court to "award a reasonable attorney's fee to the *prevailing party*." 17 U.S.C. § 505 (emphasis added). "The Supreme Court has defined a 'prevailing party' as one who has 'prevailed on the merits of at least some claims.'" Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 164–65 (1st Cir. 2007) (dismissal for lack of subject matter jurisdiction was not on the merits and Defendant was not entitled to recover as prevailing party under Section 505) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603–05 (2001)). Thus, when "an order of voluntary dismissal is entered by a plaintiff under Rule 41(a) of the Rules of Civil Procedure 'without prejudice' there is no award of attorney's fees under the Copyright Act." RAYMOND J. DOWD, COPYRIGHT LITIGATION HANDBOOK § 18:2 (2d ed. 2017).

Here, Plaintiff moved for voluntary dismissal under Rule 41(a)(2), and therefore Defendants are not prevailing parties for purposes of the Copyright Act. Counsel for Defendant Pina-Nieves argues that "[a]s a result of Plaintiffs [sic] decision to abandon litigation, the Court must conclude that defendants have prevailed in the merits in a subject matter copyright case, *and case law indicates this entitles defendants to attorney's fee*s in the spirit of deterrence." Docket No. 84 at 2 (emphasis added). For support, he cites T-Peg, Inc. v. Vermont Timber Works, Inc., 669 F.3d 59 (1st Cir. 2012). While the First Circuit did accept deterrence as a reason to award

1    attorneys' fees in <u>T-Peg</u>, it did not hold that a voluntary dismissal without prejudice made the

2    defendant a prevailing party. Actually, the defendant in <u>T-Peg</u> won a jury trial—and even despite

3    this victory "the court carefully considered the extent to which [defendant] actually prevailed." <u>Id.</u>

4    at 61. Misrepresenting case law does not persuade the Court to award attorneys' costs and fees.

5         B. <u>Inherent Powers</u>

6         Defendants invoke the Court's inherent powers to award sanctions "upon finding that a

7    party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" <u>F.A.C., Inc. v.</u>

8    <u>Cooperativa De Seguros De Vida De Puerto Rico</u>, 563 F.3d 1, 6 (1st Cir. 2009) (citing <u>Chambers</u>

9    <u>v. NASCO, Inc.</u>, 501 U.S. 32, 45-46 (1974)). However, "[b]ecause of its potency, a court's inherent

10   power to shift attorneys' fees should be used sparingly and reserved for egregious circumstances."

11   <u>Id.</u> (internal quotation marks omitted). Thus, "a district court exercising its inherent powers in this

12   fashion must describe the bad faith conduct with 'sufficient specificity,' accompanied by a

13   'detailed explanation of the reasons justifying the award.'" <u>Whitney Bros. Co. v. Sprafkin</u>, 60 F.3d

14   8, 13 (1st Cir. 1995); <u>see</u> <u>e.g.</u> <u>Mullane v. Chambers</u>, 333 F.3d 322, 337–38 (1st Cir. 2003) (failure

15   to abide by discovery order "might have been grounds for discovery sanctions" but "insufficient

16   alone to support finding that the [party] or their attorneys 'acted in bad faith, vexatiously, wantonly,

17   or for oppressive reasons.'"); <u>Pan Am. Grain Mfg. Co. v. P.R. Ports Auth.</u>, 295 F.3d 108, 117 (1st

18   Cir. 2002) (upholding sanction where acts included attempts to hide witnesses, record private

19   conversations of opposing counsel, and violent behavior). This heightened standard "requires more

20   than a showing of a weak or legally inadequate case," although "a case can be so frivolous as to

21   reflect impermissible conduct." <u>Americana Indus., Inc. v. Wometco de Puerto Rico, Inc.</u>, 556 F.2d

22   625, 628 (1st Cir. 1977) (not "plain" that case was frivolous when plaintiff failed to state sufficient

23   facts for relief).

24

Defendants' argument that Plaintiff acted in bad faith by filing a frivolous case is wrong. According to Defendants, the case was frivolous because it would have been dismissed under Rule 60(c) of the Federal Rules of Civil Procedure and the doctrine of *res judicata*. (Docket No. 79 at 11; 84 at 4). But Plaintiff's claim was not "so frivolous as to reflect impermissible conduct." Americana, 556 F.2d at 628. Although *res judicata* forbids relitigating claims that have been decided on the merits, Puerto Rico law, which applies in diversity cases like this one, acknowledges numerous public policy exceptions. Medina v. Chase Manhattan Bank, N.A., 737 F.2d 140, 144 (1st Cir. 1984). One of them is fraud, which Plaintiff alleged in his complaint. Id.; (Docket No. 12 ¶¶ 47-57). Moreover, even assuming that the Court concluded that Plaintiff's case did not satisfy the public policy exceptions, it would not be able to grant sanctions in the form of attorneys' fees. As the First Circuit has held, "[t]he boundaries of the 'public policy' exception . . . are not precisely defined." Medina, 737 F.2d at 145 (1st Cir. 1984); see also Nunez Colon v. Toledo-Davila, 648 F.3d 15, 19 (1st Cir. 2011) ("Regrettably, the Puerto Rico jurisprudence . . . does not articulate a clear standard as to when the exception applies."). Given this indefiniteness, the Court "cannot say that the plaintiff's [case] was brought 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Medina, 737 F.2d at 145.

Likewise, the case was not frivolous because Plaintiff failed to request timely relief from the settlement agreement under Rule 60(c) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 60(c). Rule 60 governs relief from a judgment or order, and one of the grounds for relief is fraud. Id. (b). While true that a motion for relief based on fraud must be made "no more than a year after the entry of judgment," it is also true that the rule "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment." Id. (c)-(d). According to the Supreme Court "an independent action should be available only to prevent a grave miscarriage of justice."

1  United States v. Beggerly, 524 U.S. 38, 47 (1998). Here, Plaintiff could rightfully believe that a
2  "grave miscarriage of justice" occurred when he signed the settlement agreement under the wrong
3  impression that it was an official court document. (Docket No. 12 ¶ 49). Holding such belief would
4  imply that he did not act in bad faith when filing this suit, and would impede the Court from
5  invoking its inherent powers to sanction him.

6  Defendants also argue Plaintiff's conduct in numerous instances shows bad faith. This
7  misconduct is present in (1) his  abandonment of the cause of action; (2) failure to comply with
8  discovery; (3) failure to oppose defendants' motion to dismiss; (4) that Plaintiff's counsel
9  "wantonly filed a motion to withdraw as attorney," and (5) the fact that Plaintiff's counsel sought
10  dismissal because she lost all contact with her client. (Docket No. 79 at 11-12; 84 at 4).

11  First, the Court disagrees that abandoning a cause of action proves, without more, that a
12  pleading was filed in bad faith.

13  Second, Defendants' charges of discovery misconduct also do not justify attorneys' fees.
14  The First Circuit has already held that failure to abide by discovery orders "might have been
15  grounds for discovery sanctions" but is "insufficient alone to support finding that the [party] or
16  their attorneys acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Mullane, 333
17  F.3d at 337–38 (internal quotation marks omitted).   Moreover, Defendants' argument suffers
18  numerous flaws. They charge Plaintiff with failing to comply with Rule 26 discovery disclosures,
19  but they fail to provide a citation that would allow the Court to verify this argument's veracity.
20  See Docket No. 79 at 11. And disturbingly, Defendants accuse Plaintiff of failing to respond to
21  interrogatories and requests for production, citing to Docket No. 61. The problem is that
22  Defendants' motion to compel these documents at Docket No. 61 was denied as untimely. (Docket
23  No. 66). The Court cannot punish Plaintiff for failing to respond to an untimely request. And given

Defendants' discovery error, the Court should not punish Plaintiff for any of his potential discovery errors. "[I]n the law, what is sauce for the goose is normally sauce for the gander," so if the Court punished Plaintiff it should punish Defendant as well. Heffernan v. City of Paterson, N.J., 136 S. Ct. 1412, 1418 (2016).

Third, parties are not required to respond to a motion to dismiss. When the Court ordered Plaintiff to show cause as to why the motion should not be deemed unopposed, Plaintiff responded by filing for voluntary dismissal. Thus, Plaintiff did not disobey any order, and did not act in bad faith by failing to respond to Defendants' motion.

Fourth, filing a motion to withdraw as attorney was not "wanton" conduct, as Defendants imply. The motion attributed the withdrawal to "[i]rreconcilable differences." (Docket No. 59 at 1). Defendants provide no reasons why this was "wantonly," and the Court actually infers otherwise. Irreconcilable differences are good cause for withdrawal. The Court denied the motion *without prejudice* until new counsel appeared, not because it disapproved of Plaintiff's reasons.

Plaintiff's fifth reason is the most persuasive, but in light of all the circumstances, falls short. This reason requires the Court to distinguish between Plaintiff's counsel and Plaintiff. The fact that Plaintiff's counsel filed a motion for voluntary dismissal because she could not communicate with her client is not an act of bad faith. Actually, the Court finds it was the right thing to do under the circumstances. However, the Court agrees that Plaintiff acted inappropriately when he essentially disappeared around August 2016, causing his counsel to file for voluntary dismissal eight months later. According to the record, Plaintiff essentially ignored the Court's order to find new counsel, ignored his counsel's efforts to advance the case, and forced his counsel to seek a voluntary dismissal because he was not returning her communications. Although Plaintiff, as master of his own claims, can opt to cease prosecution, he should follow the

appropriate procedure when doing so. "De qué me vale?"[1] is not an appropriate attitude in dealing with the Court. TONY DIZE, EL DOCTORADO (PINA RECORDS 2009). Yet the Court must use its inherent power sparingly and for egregious circumstances, and this comes as close as the Patriots came to winning the 2018 Super Bowl. Plaintiff is lucky that because of all the aforementioned circumstances, attorneys' fees are not a proper remedy in this case. But the Court warns him to desist from similar conduct in the future.

C. Rule 44.1(d) of Puerto Rico Civil Procedure

"In a diversity case in which the substantive law of Puerto Rico supplies the basis of decision, a federal court must give effect to Rule[] 44.1(d) . . . of the Puerto Rico Rules of Civil Procedure." Dopp v. Pritzker, 38 F.3d 1239, 1252 (1st Cir. 1994). According to Rule 44, when a "lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct." Top Entertainment, Inc. v. Torrejon, 351 F.3d 531 (2003). As the Puerto Rico Supreme Court has stated when delineating the parameters for applying Rule 44.1(d), the Rule seeks "to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation." Id. (emphasis added) (citing Fernandez Marino v. San Juan Cement Co., 18 P.R. Offic. Trans. 823, 830 (1987)). Therefore, to find obstinacy the Court must find the "litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." Id. (citing De Leon Lopez v. Corporación Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991)). In sum, "the rule castigates the party that needlessly plods on

---

[1] "What is it worth to me?" (translation ours).

with the litigation without reason or insists on bringing a frivolous action." <u>Nippy, Inc. v. Pro Rok, Inc.</u>, 932 F. Supp. 41, 44 (D.P.R. 1996).

Federal and Commonwealth case law provide guidance as to factors to consider and examples of obstinacy. Factors to consider include: "(1) the complexity of the issues, the clarity of the law, and the disposition of the litigants in short, the 'personality' of the case; (2) the delay and stubbornness in discovery, including a disregard for court orders; (3) temerity in settlement negotiations; and (4) the novelty of the claim." <u>Rodríguez-López v. Institución Perpetuo Socorro, Inc.</u>, 616 F. Supp. 2d 200, 202-03 (citations omitted). Similarly, examples include: "denying all liability in answering a complaint, where the defendant later admits liability; raising inapplicable defenses; denying all liability when only the amount of damages sought is contested; and denying a fact, knowing it is true." <u>Correa v. Cruisers, a Div. of KCS Int'l, Inc.</u>, 298 F.3d 13, 31 (1st Cir. 2002) (citing <u>Fernandez Marino</u>, 18 PR. Offic. Trans. At 830-31 (1987)).

The Court rejects Defendants' contention that Plaintiff acted obstinately. Nothing indicates that Plaintiff was "unreasonably adamant or stubbornly litigious." <u>Id.</u> As discussed earlier, he did not file a frivolous case, and his request for voluntary dismissal before even responding to Defendants' motion to dismiss suggests the opposite of being stubbornly litigious. Granted, Plaintiff's six-month delay in responding to Defendant's motion to dismiss was inappropriate. But nothing shows that the delay caused the Court and Defendants to suffer unnecessary expense. Between Defendant's motion to dismiss and Plaintiff's voluntary withdrawal, Plaintiffs filed zero motions and the Court only issued an order to show cause.

Considering the four factors listed in <u>Rodríguez-López</u>, any discovery issue cuts against Defendants as well—they filed an untimely motion to compel and imprudently use it as a basis for attorneys' fees against Plaintiff. As to the case's complexity, Defendant Morera-Luna invites the

Court to consider the "complex" nature of copyright infringement. (Docket No. 79 at 7). Without deciding if copyright infringement is "complex," the Court cannot base its decision on this factor because copyright infringement played a minor role in this case before its dismissal. Defendants did not argue the other two factors or how this case fits with the prior examples of obstinacy identified by the Puerto Rico Supreme Court. In light of this discussion, the Court concludes that an award of attorneys' fees and costs is not warranted under Rule 44.1 of the Puerto Rico Rules of Civil Procedure.

### III.    Conclusion

For the reasons discussed above, Defendants' motion for attorneys' fees at Docket Nos. 79 and 84 is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 13th day of February, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge